Saul S. Streit, J.
Defendant moves for summary judgment dismissing the complaint. Since the action is one in tort, such a motion will lie only if the lack of merit in plaintiff’s case is established solely by “ documentary evidence or official record
The complaint alleges that plaintiff was damaged as the result of defendant’s commencement of an action, in Italy, against plaintiff’s assignee, in which defendant alleged that it owned the rights to a certain motion picture, that the film had been unlawfully imported into Italy, and that its distribution and exhibition there was not authorized by defendant and illegal. The complaint charges that defendant was aware, at the time *204 it started the action, that its subsidiary, having the right to do so, had sold the exhibition and distribution rights to plaintiff, and that plaintiff had assigned them to the defendant in the Italian action, pursuant to a right to do so conferred upon it by defendant’s subsidiary. The pleading charges that the commencement of the action was malicious and without justification and that it necessarily impugned plaintiff’s right to make the assignment to the defendant in the Italian action.
The sole basis of the motion to dismiss is that certain documentary evidence and official record establish that defendant had acted with probable cause and without malice in commencing the action in Italy.
The tort, if any, was committed in Italy and the law of Italy is, therefore, controlling as to whether plaintiff possesses a good cause of action and as to what the essential ingredients of such !an action are (Sims v. Union News Co., 284 App. Div. 335, 338). As Italy is not a common-law jurisdiction, there is no presumption that our common law is applicable (Sonnesen v. Panama Transp. Co., 298 N. Y. 262, 267). Neither plaintiff nor defendant attempts to allege or show whether plaintiff’s cause of action is good or bad under Italian law. The only affidavit of an expert on Italian law which is submitted is one which does not discuss that subject at all. Since no motion to dismiss the complaint as insufficient (for failure to allege the law of Italy or on other grounds) has been made, the court must assume that the facts alleged, if substantiated by evidence, would make out a good case against defendant under Italian Law. Defendant is still free to move for dismissal on the ground that under Italian law the allegations of the complaint fail to state a good cause of action, or on the ground that, even if such a cause of action is recognized in Italy, it is contrary to our public policy.
Assuming that the documents and official record submitted by defendant on the instant motion tend to establish probable cause for the commencement of the Italian action, it does not necessarily follow that the complaint must, therefore, be dismissed. It may be that, under the law of Italy, probable cause is no defense if the person bringing the action complained of was, nevertheless, actuated by actual malice. The documents and record offered by defendant do not necessarily negative the possibility that defendant brought the abtion solely from malicious motives. Furthermore, the documents and official record presented by defendant on this motion do not necessarily and inevitably indicate that there was probable cause for the insti *205 tution of the Italian action. Plaintiff had complained of the manner in which its assignee had imported certain Oinecolor prints and trailers into Italy, and of the exhibition of the film by nse of a low-grade color process, but it had not contended that it had not assigned the right to exhibit the film to the defendant in the Italian action. Nor had it ever asked this defendant to bring a suit against its assignee. The contract between defendant’s subsidiary and plaintiff had given to plaintiff the right to prevent unauthorized distributions or exhibitions. It is not clear that under Italian law the effect of the sequestration order was to establish a prima facie case of probable cause, particularly since there is some uncertainty as to whether the Italian court had before it the contract pursuant to which the Italian defendant had acquired from plaintiff the right to import the film and the contract by which plaintiff had acquired its rights in the film.
The motion is denied, but without prejudice to a motion to dismiss the complaint as insufficient for failure to allege the applicable law of Italy or on such other grounds as defendant may elect to assert.